**MISSOURI PROFESSIONAL LIABILITY INSURANCE ASSOCIATION, Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.**

No. 88–4325–CV–C–9.

United States District Court, W.D. Missouri, Central Division.

March 20, 1991.

Dana L. Frese, Carson, Coil, Riley, McMillin, Levine & Veit, P.C., Jefferson City, Mo., for plaintiff.

Frank Saunders, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Kansas City, Mo., Michael J. Dutton, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, Kan., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

### I. BACKGROUND

Plaintiff Missouri Professional Liability Insurance Association (MPLIA) brings this action seeking indemnity and/or contribution from defendant American Casualty Company of Reading, Pennsylvania (ACC). MPLIA seeks to recover $500,000 of the $700,000 paid out to settle three related lawsuits filed by Jack and Lori Arnold against MPLIA's insured, The Medical Center of Independence (MCI). The cases arose out of the circumstances surrounding the death of the Arnolds' newborn daughter, Becky. Donna Nieder (Nieder) was the nurse who provided care to Lori Arnold at MCI during her labor and delivery. Plaintiff alleges that Nieder's negligence caused the injuries sustained by the Arnolds and caused it to pay $700,000 to settle their lawsuits against MCI. Defendant ACC provided professional liability insurance to Nieder. As an employee of MCI, Nieder also was an "additional insured" under MCI's policy with plaintiff, MPLIA.

Defendant moved for summary judgment asserting that:

1. MPLIA's causes of action must fail because they have been improperly pled.

2. MPLIA's claim against ACC must fail because MPLIA is not the real party in interest.

3. MPLIA's claim against ACC must fail because MPLIA cannot bring a direct action against ACC under the ACC contract.

4. MPLIA has no right of contribution against ACC based upon the settlement agreement and release because it: (a) Does not discharge ACC; and (b) Is not reasonable.

5. MPLIA's claim must fail because MCI has no right of indemnity against Nurse Nieder.

6. MPLIA has no right of contribution against ACC because they do not have concurrent insurance with ACC.

7. MPLIA is not entitled to a right of subrogation against their insured, Donna Nieder, or ACC.

### II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judg-

ment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *see also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 106 S.Ct. at 2512.

## III. UNDISPUTED FACTS

### A. The Arnolds' Litigation Against MCI

The Arnolds filed three lawsuits against MCI—a wrongful death action and two actions for negligent infliction of emotional distress. Each lawsuit alleges that plaintiffs were injured by the negligence of "agents, servants and employees" of MCI who provided care to Lori Arnold during

her labor and delivery. For example, the "agents, servants and employees" failed to monitor properly Lori Arnold's labor, failed to use properly electronic fetal heart rate monitoring equipment, failed to diagnose the existence of and etiology of the fetal distress suffered by Becky Arnold and failed to contact the obstetrician immediately when evidence of fetal distress was first discovered. Each lawsuit also alleges that MCI was negligent in ways other than through the actions of its employees who provided direct care to Lori Arnold. For example, MCI allegedly failed to provide adequate staffing of nursing personnel in its obstetrical unit, failed to provide appropriate policies and procedures for labor and delivery nurses and failed to provide adequate training, education and evaluation for its labor and delivery nurses.

Nieder was not named as a defendant in any of the three lawsuits filed against MCI by the Arnolds. Nieder's name does not appear on the face of any of the pleadings. Nieder was never sued or served with process in any action filed by Jack and Lori Arnold. Defendant's Motion for Summary Judgment, Exhibit 9, Nieder affidavit at ¶ 2; id., Exhibit 7, ACC's Second Request for Admissions at ¶ 9. No judicial determination has been made that Nieder was negligent in caring for Lori Arnold. Delaney deposition at 112; Bandy deposition at 119.

### B. MCI's Settlement With Jack and Lori Arnold

The Arnolds accepted a $700,000 settlement offer from MCI. Although plaintiff's attorney had requested that ACC pay either one-half or one-third of any settlement reached with plaintiff, ACC only offered to pay $30,000. Bandy deposition at 76, 82–83; Saunders' deposition at 10, 27–28. The $30,000 offer by ACC was unacceptable to MPLIA. Delaney deposition at 97–98.

The settlement agreement was drafted by MCI's attorney. Bandy deposition at 108–09. The settlement agreement contains the following statement: "Defendant, following a thorough investigation of the facts and circumstances giving rise to the claims alleged in Plaintiffs' Petition, has determined that the negligence of its employee, Donna Nieder, directly caused the damages and injuries sustained by plaintiffs." Defendant's Motion for Summary Judgment, Exhibit 6.

The settlement agreement was between MCI and the Arnolds. Id. Neither Nieder nor ACC signed the settlement agreement. Id. Neither ACC nor Nieder was advised prior to the execution of the settlement agreement that it would contain language indicating that Nieder was solely at fault for the damages claimed by the Arnolds. Bandy deposition at 99–100, 109; Saunders deposition at 40–41. At no time did ACC agree to the language of the settlement agreement. Bandy deposition at 122. Nieder has never agreed that she was liable, solely or otherwise, for the injuries suffered by the Arnolds. Defendant's Motion for Summary Judgment, Exhibit 9, Nieder affidavit at ¶ 5.

Nieder has never entered into an agreement with ACC and the Arnolds that obligates ACC to pay for any claims arising out of the birth of Becky Arnold. Id. at ¶ 4.

### IV. PLAINTIFF CANNOT BRING A DIRECT ACTION AGAINST ACC

■ ACC's insurance contract with Nieder contains the following coverage agreement: "We will pay all amounts up to the limits of liability . . . which you become *legally obligated to pay* as a result of injury or damage." Defendant's Motion for Summary Judgment, Exhibit 5, Professional Liability Coverage, ¶ 1.A.1. (emphasis added). The undisputed facts of this case show that Nieder has never become legally obligated to pay anything as a result of the injuries suffered by the Arnolds. Accordingly, ACC has no obligation to pay for a liability of its insured that has never been determined.

ACC's policy with Nieder also contains the following legal action limitation:

You may not bring any legal action against us concerning this policy until: A. You have fully complied with all the provisions of this policy; and B. The amount of your obligation to pay has

been decided. Such amount can be set by judgment against you after actual trial or by written agreement between you, us and the claimant.

Any person, organization, or their legal representative is entitled to recover under this policy after they have secured a judgment or written agreement.

*Id.,* General Conditions at ¶ IX.

This language precludes any action by MPLIA against ACC based on the Arnolds' lawsuits against MCI. No judgment has been obtained against Nieder. Moreover, no written agreement exists between Nieder, ACC and either MCI or MPLIA.

*Rodgers v. Missouri Insurance Guaranty Ass'n,* 841 F.2d 858, 861 (8th Cir.1988) concerned an insurance policy with a legal action limitation very similar to the one in ACC's contract with Nieder.

> No action shall be against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor *until* the amount of the insured's obligation to pay shall *have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.* Any person or organization or the legal representatives thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. (Emphasis added by Eighth Circuit Court of Appeals.)

In *Rodgers,* a claim by a judgment creditor was denied when it had obtained a summary judgment ruling in its favor against the insured (not a judgment after actual trial) and when no written agreement existed between the insured, the claimant and the insurance company. *Id.*

*Wichman v. Aetna Casualty and Surety Company,* 412 S.W.2d 528, 532 (Mo.App. 1967) concerned virtually identical policy language:

> No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until

the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the company.

> Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.

In *Wichman,* no legal liability had been determined against the insured and the insurer had not entered into a written agreement with the claimant and the insured. In denying the claim against the insurance company, the court stated:

> In clear and unmistakable language the contract provides that the defendant will pay on behalf of the named insured, W–R Motors, all sums which the insured shall become legally obligated to pay on the risks enumerated; and that no action shall be maintained against it until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against W–R Motors or by a written settlement agreed to by the defendant. In legal parlance it is a contract of indemnity against legal liability asserted against W–R Motors. No legal liability of W–R Motors to Hill for the damage to his car has been finally determined; in fact, so far as the record shows, Hill never asserted a claim against W–R Motors. To sustain plaintiff's contention here it would be necessary for us to rewrite, by construction, the contract of insurance so that it would become a contract between W–R Motors and defendant for the benefit of Hill. This we are without authority to do.

*Id.* at 533 (citations omitted).

Plaintiff argues that the language of the contract between ACC and Nieder significantly differs from the language of the insurance contracts in *Rodgers* and *Wichman.* Because the word "you" is used in the ACC policy, plaintiff argues that the legal action limitation paragraph only limits when the insured, Donna Nieder, can bring

a direct action against the company. "However, the relevant language contained in defendant's policy is entirely different than that considered in *Wichman.* The language in defendant's policy specifically limits when an 'insured' can bring a legal action against defendant unlike the language in *Wichman* which specifically limited when *any* action could be brought against the insurer." Plaintiff's Suggestions in Opposition at 10.

■ However, in addition to the language relied upon by plaintiff, the ACC policy states: "Any person, organization or their legal representative is entitled to recover under this policy after they have secured judgment or written agreement." Plaintiff argues that the clause "judgment or written agreement" is not restricted by the language immediately preceding it in paragraph IX. B. which requires that a judgment be "against you after actual trial" and that a written agreement be "between you, us and the claimant." "[D]efendant is merely assuming that the clause 'judgment or written agreement' is that which is referred to in section IX. paragraph B. Certainly, the policy does not define what is meant by 'judgment or written agreement' and defendant's contention is nothing but speculation." *Id.* at 11.

Plaintiff's argument is without merit. A judgment for purposes of paragraph IX is a judgment after actual trial and a written agreement for purposes of paragraph IX is an agreement between the insured, the insurer and the claimant. Otherwise, anyone would be entitled to recover under ACC's policy after they had secured any kind of a judgment against anyone or a written agreement regardless of whether either the insured or the insurer had signed. Such a result is nonsensical. Allowing MPLIA to recover $500,000 from ACC when no judgment of any kind has been obtained against ACC's insured, Nieder, and when the only purported determination of Nieder's fault is a conclusory, self-serving statement drafted by MCI's attorney and contained in a settlement agreement that was not agreed to or signed by either ACC or Nieder, likewise makes no sense. The insurance contract between ACC and Nieder prohibits MPLIA's recovery against ACC.

## V. CONCLUSION

Accordingly, it is hereby ORDERED that defendant's Motion for Summary Judgment is granted.