Jackie Lee **BECKER**, Plaintiff,

v.

Donald **RICE** et al., Defendants.

Civ. No. 93-2005.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

July 7, 1993.

---

Jeff Nix, Tulsa, OK, for plaintiff.

David Blackorby, Asst. U.S. Atty., Fort Smith, AR, Dana E. Morris, Major, USAF, General Litigation Div., Air Force Legal Services Agency, Arlington, VA, Angela Jegley, State Atty. General's Office, Little Rock, AR, for defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

Currently before the court is a motion to dismiss or in the alternative, motion for summary judgment, filed by the defendants, Michael B. Donley, Secretary of the Air Force; Major General James A. Ryan, in his capacity as an agent of the Secretary of the Air Force; Lieutenant Henry C. Varnadore; Lieutenant Colonel Paul Duvall; Senior Master Sergeant Charles Mitchell; and Master Sergeant Roger McConnell. The plaintiff, Jackie Lee Becker has responded to the motion which is now ripe for decision. After careful consideration of this matter, the court believes that the motion for summary judgment should be and hereby is granted and this action dismissed.

Plaintiff was formerly a National Guard technician assigned to the Vehicle Maintenance Shop in the Resource Management Squadron of the 188th Tactical Fighter Group, Arkansas Air National Guard, at Ebbing Air National Guard Base in Fort Smith, Arkansas. Bringing her action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., plaintiff alleges in Count One that on January 10, 1990, she was terminated from her civilian employment by the defendants acting under the color of state law and that said termination violated her civil rights, "including her right to free speech, her freedom of association rights, her property rights in her job, the right to be employed in an atmosphere which is free from sexual harassment, her right to be free from gender discrimination in her job, as well as her right to be treated as an equal in terms of her wages, hours and working conditions." Plaintiff further alleges in Count One that prior to her termination the defendants, *inter alia*, "forced the plaintiff to work in a sexually hostile environment...."

In Count Two, plaintiff contends that subsequent to termination from her civilian employment, she was honorably discharged from her military employment with defendants on March 13, 1992, in retaliation for an EEO complaint filed in connection with her civilian employment. Similarly, plaintiff asserts in Count Three that because of her gender she was terminated from her military employment in violation of Title VII. Plaintiff seeks injunctive relief, reinstatement to her highest graded position, and all rights

and benefits associated with that grade and rank. Her prayer also includes damages in excess of $10,000.00.

Defendants have filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted, styled in the alternative as a motion for summary judgment. Defendants first contend that many of plaintiff's claims of sexual harassment and sex discrimination with respect to plaintiff's civilian employment were the subject of a previous action which was dismissed by this court and affirmed by the Court of Appeals for the Eighth Circuit. Defendants assert, therefore, that the allegations of the plaintiff which occurred after January 10, 1990, pertain solely to her military status as a National Guard member.

Next, defendants argue that plaintiff's § 1983 claim, i.e. that termination of her civilian employment violated her constitutional rights as protected by 42 U.S.C. § 1983, must be dismissed as Title VII is the exclusive and preemptive judicial remedy for claims of discrimination in federal employment. Defendants contend that plaintiff has simply recast her sexual discrimination claim into a § 1983 claim to avoid procedural problems inherent in her Title VII claim. Stating that Title VII preempts § 1983 for claims of sexual discrimination by a federal employer, defendants request that plaintiff's § 1983 claims be dismissed.

Alternatively, defendants assert that any actions taken were pursuant to federal law and not under color of state law as required by § 1983. Since plaintiff's allegations relate to her employment as a federal technician and since the Adjunct General acts as an agent of the United States on behalf of the Secretary of the Air Force, defendants contend that state action played no part in plaintiff's termination from her technician employment and therefore her § 1983 claim must be dismissed.

Defendants next argue that plaintiff failed to file her action in a timely manner, stating that Title VII actions must be filed within thirty days of receipt of a final decision of the agency or the EEOC.[1] Defendants contend that the thirty day filing requirement is the equivalent of a statute of limitation, and therefore, the action should be dismissed as thirty days passed prior to filing and circumstances do not exist to justify tolling of the limitations period. Again, in the alternative, defendants contend that plaintiff's Title VII action should be dismissed for failure to exhaust administrative remedies.

Defendants then contend that plaintiff's claim that she was terminated from her military position as the result of sexual discrimination and reprisal is nonjusticiable. Asserting that a claim for military discharge may not be reviewed by civilian courts, defendants request that plaintiff's § 1983 claim for discharge from the National Guard must be dismissed. Defendants' final contention is that plaintiff's Title VII claim for discriminatory discharge from the military must be dismissed as the provisions of Title VII do not extend to uniformed personnel in the military.

Plaintiff has responded, contending that she has stated a claim for relief with respect to her § 1983 claim as an adjunct general acts under the color of state law when removing a guardsman from a civilian technician position. Plaintiff urges, in the alternative, that whether the defendants acted under the color of state law when terminating plaintiff is a question of fact and therefore summary judgment in inappropriate on plaintiff's § 1983 claim. With respect to plaintiff's Title VII claim, plaintiff contends that an administrative claim is pending, requesting that the court await the final disposition of this matter prior to ruling on the motion to dismiss.

The court will proceed to consider the defendants' motion as one for summary judgment. It is well established that summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal

---

1. Defendants erroneously cite 42 U.S.C. § 2000e–16(c) as containing a thirty day statute of limitation for filing Title VII actions in district court. The statute, however, has been amended to contain a ninety day limitation rather than a thirty day limitation. See 42 U.S.C. § 2000e–16(c) (Supp.1993).

grounds. *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied.

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See also AgriStor Leasing v. Farrow,* 826 F.2d 732 (8th Cir.1987); *Niagara of Wisconsin Paper Corp. v. Paper Industry Union—Management Pension Fund,* 800 F.2d 742, 746 (8th Cir.1986).

The Eighth Circuit Court of Appeals has advised trial courts that summary judgments should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States,* 600 F.2d 725 (8th Cir.1979), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Court has recently reviewed the burdens of the respective parties in connection with a summary judgment motion. In *Counts v. M.K.—Ferguson Co.,* 862 F.2d 1338 (8th Cir. 1988), the court stated:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.,* '[to] point[ ] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails

to carry that burden, summary judgment should be granted.

*Id.* at 1339, *quoting, City of Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 273–74 (8th Cir.1988) (citations omitted) (brackets in original).

However, the Court of Appeals for this circuit has also held that the court, in ruling on the motion for summary judgment, must give the non-moving party "the benefit of the reasonable inferences that can be drawn from the underlying facts." *Fischer v. NWA, Inc.,* 883 F.2d 594, 598 (8th Cir.1989) (*citing Trnka v. Elanco Products,* 709 F.2d 1223 (8th Cir.1983).

For purposes of the court's analysis, plaintiff's lawsuit must be dissected. First, plaintiff is bringing a Title VII and a Section 1983 claim with respect to the January 10, 1990, termination from her civilian employment as a federal technician. Second, plaintiff is bringing a Title VII and a Section 1983 claim with respect to her March 13, 1992, discharge from military duty with the National Guard. The court will proceed to discuss the two Title VII claims and the two § 1983 claims separately.

### Title VII Claims

■ The court finds that plaintiff's claim that termination of her civilian employment as a federal technician violated Title VII, if justiciable at all, is barred by the statute of limitations. After receiving notice on March 26, 1990 that plaintiff could appeal the final administrative decision or bring a civil action, plaintiff instituted a Title VII and Section 1983 lawsuit on April 2, 1990, raising allegations of sexual harassment and discrimination substantially similar to those contained in the complaint before the court in this action. Plaintiff thereafter abandoned the § 1983 claim and her Title VII action was dismissed for plaintiff's failure to obtain service of process on the appropriate defendants. As the ninety day statute of limitations has expired [2] and plaintiff's motion for

---

**2.** *See* 42 U.S.C. § 2000e–16(c) (Supp.1993) ("within 90 days of receipt of notice of final action taken ... an employee ... may file a civil action as provided in section 2000e–5 of this title...."). Plaintiff received notice of her right to file a civil action on February 26, 1990 and subsequently filed suit on April 2, 1990 which was dismissed on February 5, 1991 for insuffi-

enlargement of time to obtain service was denied on February 5, 1991, the court finds that plaintiff's Title VII claim with respect to termination from civilian employment is barred by the ninety-day statute of limitation. Plaintiff's present complaint was filed approximately three years after the ninety-day limitation expired and as plaintiff has presented no argument that the statutory limitation should be equitably tolled, the court finds that the plaintiff's Title VII claim for termination of her civilian employment is barred and summary judgment is granted for defendants on this claim.

Turning to plaintiff's next claim, that she was discharged from military duty in violation of Title VII, the court is aware of several problems with the claim. First, plaintiff's response to the motion for summary judgment contends that plaintiff has not yet exhausted her administrative remedies with respect to this claim and therefore, the matter should be stayed pending exhaustion. Second, if plaintiff's administrative remedies have been exhausted, then the ninety-day statute of limitation discussed above may bar the Title VII claim as plaintiff was discharged effective March 13, 1992.

■ Additionally, the court finds that plaintiff's Title VII claim with respect to discharge from her military duty with the National Guard has a fatal flaw. Plaintiff's claim is nonjusticiable under the standard set forth by the Eighth Circuit in *Taylor v. Jones*, 653 F.2d 1193 (8th Cir.1981). In *Taylor*, the plaintiff, a black woman, brought an action against the Adjunct General of the Arkansas National Guard for intentional racial discrimination in violation of Title VII and 42 U.S.C. § 1981. Recognizing that the rule that "neither Title VII nor its standards are applicable to persons who enlist or apply for enlistment in any of the armed forces of the United States," *Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978), the court extended the holding of *Johnson* to members of the National Guard, stating:

> We do not see any significant distinction for Title VII purposes, between a member

ciency of service of process. Plaintiff filed this

of the Army or Air Force and a member of the reserve components of those forces, the National Guard. In neither case is the relationship between the government and the member of that employer-employee; military service differs materially from civilian employment, whether public or private, and is not appropriately governed by Title VII.

*Taylor*, 653 F.2d at 1200. The court, however, did not leave Ms. Taylor without a remedy:

> We cannot conclude that, by implicitly excluding military personnel from the purview of Title VII, Congress intended such persons to be without a remedy. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (congressional employee not covered by Title VII states private cause of action under Due Process Clause of the Fifth Amendment for deliberate sex discrimination).

*Id.* Additionally, the court affirmed the district court's finding that the plaintiff was entitled to relief under 42 U.S.C. § 1981 for the intentional discrimination she suffered. *Id.* The court finds, therefore, pursuant to the standards set forth in *Johnson* and *Taylor*, that plaintiff's Title VII claims for termination of her military duty must fail and summary judgment for defendants is warranted on these claims.

### 42 U.S.C. § 1983

■ The court likewise finds that plaintiff's § 1983 claims with respect to discharge from her military duty with the National Guard are nonjusticiable under the standard set forth by the Court of Appeals for the Eighth Circuit in *Watson v. Arkansas Nat. Guard*, 886 F.2d 1004 (8th Cir.1989). *See also Sebra v. Neville*, 801 F.2d 1135 (9th Cir.1986); Sheldon H. Namod, *Civil Rights and Civil Liberties Litigation*, § 1.07 (1991).

John C. Watson brought a § 1981 and § 1983 action against the Arkansas National Guard and five military personnel, alleging that the defendants acted in a racially discriminatory manner when dismissing him from duty with the National Guard. Watson

action on January 8, 1993.

sought damages and equitable relief, including reinstatement and backpay. The district court granted summary judgment in favor of the defendants on Watson's claim for damages based upon the *Feres* doctrine and dismissed Watson's equitable claims without prejudice for failure to exhaust his administrative remedies. The appellate court affirmed the summary judgment on the damage issue but remanded for a dismissal with prejudice of the remaining claims. The court looked to *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), and *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), when concluding that "[t]he clear principle that emerges from these Supreme Court decisions is that 'civilian courts may not sit in plenary review over intra-service military disputes.'" *Watson*, 886 F.2d at 1007.

In *Chappell*, plaintiffs, enlisted military personnel, had sued their superiors seeking damages, declaratory relief and injunctive relief for alleged racial discrimination in their assignments and evaluations. Guided by the doctrine established in *Feres*[3], a unanimous Supreme Court held that military personnel may not bring a *Bivens*-type[4] action for damages against their superior officers for alleged constitutional violations. *Chappell*, 462 U.S. at 305, 103 S.Ct. at 2368. The court stated that

> judges are not given the task of running the Army. The responsibility for setting up channels through which ... grievances can be considered and fairly settled rests upon the Congress and the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate

Army matters as the Army must be scrupulous not to intervene in judicial matters. *Id.* at 301, 103 S.Ct. at 2366.

Relying upon the rationale of *Chappell*, the *Watson* court found the Supreme Court's decision in *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) to be a clarification of *Chappell* and reemphasis of the breadth of the *Feres* doctrine. In *Stanley*, a former serviceman bought a *Bivens* action, attempting to distinguish *Chappell* by arguing that the action did not involve his superior officers and therefore the chain-of-command concerns at the heart of *Chappell* were not implicated. The Supreme Court, however, rejected this argument, concluding that the "incident to service" test established in *Feres* applies to all *Bivens* claims in the military setting and stating that

> [t]oday, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits where we adopted the "incident to service" rule.

*Id.* 483 U.S. at 680–81, 103 S.Ct. at 3062.

Recognizing that *Chappell* and *Stanley* involved *Bivens* actions while Watson's claim arose under 42 U.S.C. § 1983, the court acknowledged that the logic of *Chappell* previously had been extended to § 1983 actions against National Guard officers by the Eighth Circuit and a majority of other circuits. *Watson*, 886 F.2d at 1007, citing *Brown v. United States*, 739 F.2d 362, 367 (8th Cir.1984), *cert. denied*, 473 U.S. 904, 105 S.Ct. 3524, 87 L.Ed.2d 650 (1985). The court stated that "[t]he concern for the disruption of military discipline upon which *Feres*, *Chappell* and *Stanley* are based applies equally when a court is asked to entertain an intra-military suit under § 1983." Thus, the court found that Watson's claim for damages under § 1983 was precluded by *Chappell* de-

---

**3.** The Supreme Court found in *Feres* that the United States is not liable under the Federal Torts Claims Act for injuries to military personnel which "arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159. In *Chappell*, the Court extended *Feres*, concluding that the unique disciplinary structure of the military coupled with Congress' well-established authority in the mili-

tary field made it "inappropriate to provide enlisted military personnel a *Bivens*-type remedy against their superior officers."

**4.** *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

cision. *Watson,* 886 F.2d at 1008, citing *Crawford v. Texas Army National Guard,* 794 F.2d 1034 (5th Cir.1986).

Finding support in a Fifth Circuit decision,[5] the court then found the injunctive relief Watson was seeking to also be unavailable: "Based upon a searching consideration of the policies underlying *Feres* and *Chappell,* we are unable to conclude that military discipline will be any less affected by a suit for injunctive relief than by a claim for damages.... It follows that Watson's claim for reinstatement as a member of the Guard must be considered nonjusticiable, and we so conclude." *Watson,* 886 F.2d at 1009. Finding plaintiff's § 1983 claims to be nonjusticiable, the court announced that Watson was not without recourse, however, and could seek review from the Army Board for the Correction of Military Records, a remedy found to be adequate by the *Chappell* court as the one Congress has chosen to supply. *Id.* at 1011.

Bound by Eight Circuit precedent, the court is required to grant summary judgment for the defendants on plaintiff's § 1983 claim for discharge from her military duty. It is apparent after *Watson,* a case clearly reflecting recent Supreme Court jurisprudence, that a former member of the National Guard may not bring a § 1983 claim for damages and equitable relief against her superiors in this circuit. Summary judgment is granted for defendants on this issue.

■ With respect to plaintiff's § 1983 claim for termination of her civilian status, the court finds that it is also nonjusticiable. Plaintiff was employed as a technician in "the maintenance and repair of supplies issued to the National Guard or the armed forces" and therefore is classified as an employee of the United States. 32 U.S.C. § 709(d) (Supp. 1993). Federal technicians are statutorily required to be members of the National Guard and hold a military grade specified by the Secretary of the Air Force for that position. 32 U.S.C. § 709(b) (1993). Also applicable to plaintiff is the Congressional mandate that federal technicians relieved of their military status "shall be promptly separated from his technician employment by the adjunct general of the jurisdiction concerned." 32 U.S.C. § 709(e)(1). This termination from civilian employment has been found to be mandatory upon loss of military status. *Spence v. Holesinger,* 693 F.Supp. 703 (C.D.Ill.1988); *Gnagy v. United States,* 225 Ct.Cl. 242, 634 F.2d 574 (1980). Furthermore, the right to appeal "shall not extend beyond the adjunct general of the jurisdiction concerned." 32 U.S.C. § 709(e)(5) (1993).

Finding this to be an area in which "Congress has exercised its plenary constitutional authority over the military, has enacted statutes regulating military life and has established a comprehensive internal system of justice to regulate military life," *Chappell,* 462 U.S. at 302, 103 S.Ct. at 2367, the court finds that it may not sit in plenary review of the National Guard's decision to terminate the plaintiff's civilian employment as a federal technician. As the court may not hear plaintiff's claim that she was wrongfully discharged from her military duty with the National Guard, and discharge from her federal technician position is mandatory upon termination from the Guard with an appeal only to the Adjunct General, the court finds that it may afford the plaintiff no judicial relief on her § 1983 claims.

Thus, for the reasons stated above, the court finds that summary judgment should be granted for the defendants on each of plaintiff's claims and this action is hereby dismissed.

---

5. In *Crawford v. Texas Army National Guard, supra,* a panel of the Fifth Circuit reached the same decision with regard to equitable relief, commenting that an "injunctive relief exception to *Chappell* ... could swallow *Chappell*'s rule of deference. We therefore believe that suits for injunctive relief, like those for monetary damages, must be carefully regulated in order to prevent intrusion of the courts into the military structure." *Crawford,* 794 F.2d at 1036–37.