**Wayne BERGER, Plaintiff**

v.

**James G. ROCHE, Secretary, Department of the Air Force, Defendant.**

**No. 404CV00150 JLH.**

United States District Court, E.D. Arkansas, Western Division.

May 27, 2005.

Stephen E. Fisher, Fisher Law Firm, Little Rock, AR, for plaintiff.

Richard M. Pence, Jr., U.S. Attorney's Office Eastern District of Arkansas, Little Rock, AR, Gavin S. Gilmour, Arlington, VA, for defendant.

## *OPINION AND ORDER*

HOLMES, District Judge.

James G. Roche, Secretary, Department of the Air Force, has filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff, Wayne Berger, has responded. In his response, Berger asks the Court to strike the motion to dismiss as untimely and enter default judgment. For the reasons hereinafter provided, the motion to dismiss (Docket #20) is GRANTED, and the motion to strike (Docket #28) is DENIED.

Berger, an African–American male, was an Air National Guard Technician at the Little Rock Air Force Base for over 22 years. That position is a civilian position, but the person who holds it is required by statute to be a member of the National Guard and to hold a military grade speci-fied by the Secretary of the Air Force. *See* National Guard Technicians Act of 1968, 32 U.S.C. § 709. Berger was a lieutenant colonel in the Arkansas Air National Guard. In 2002, the Arkansas Air National Guard Selective Retention Review Board recommended that Berger and five other persons should not be retained. The Arkansas Adjutant General[1] agreed with the recommendation and notified the Arkansas Air National Guard that Berger would be honorably discharged from the Air National Guard effective January 25, 2003. As a result of his discharge,[2] Berger was terminated from his civilian position as a technician on January 25, 2003.

On April 8, 2003, Berger filed a formal complaint with the National Guard Bureau alleging race discrimination and retaliation pursuant to Title VII. The Deputy Adjutant General, Larry Haltom, dismissed the complaint for failure to state a claim because Title VII does not apply to uniformed members of the military. Berger filed a timely appeal with the U.S. Equal Employment Opportunity Commission on April 10, 2003. The EEOC declined to address Berger's Title VII claims because the issues were essentially military matters that the Commission has no authority to address. Berger filed suit in federal court on February 19, 2004. He alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. He also alleges a state law claim of intentional infliction of emotional distress. The defendant has moved to dismiss the complaint because the claims are non-justiciable under the *Feres*[3] doctrine.

---

1. The head of the Arkansas National Guard is the Adjutant General, an officer appointed by the Governor of Arkansas. *Taylor v. Jones,* 653 F.2d 1193, 1198 (8th Cir.1981). The Adjutant General supervises and has appointing authority over all personnel of the Guard, including military members and federal and state employees. *Id.*

2. As noted above, federal technicians that lose their military status must be terminated from civilian employment. *Becker v. Rice,* 827 F.Supp. 589, 595 (W.D.Ark.1993).

3. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

The Eighth Circuit explained in *Brown v. United States*, 739 F.2d 362, 364–65 (8th Cir.1984):

> The Federal Tort Claims Act of 1946, 28 U.S.C. § 2671 *et seq.* waived the traditional immunity from suit of the United States in its sovereign capacity. The FTCA provides for federal jurisdiction of claims against the United States for injuries negligently caused by government employees acting within the scope of their employment, if a private person would be liable under the same circumstances. In a series of decisions now known as the *Feres* doctrine, the Supreme Court established a judicially created exception to the waiver of sovereign immunity in the FTCA, holding that the United States is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service.

In *Watson v. Arkansas National Guard*, 886 F.2d 1004, 1005 (8th Cir.1989), a former member of the Guard sought damages and equitable relief pursuant to 42 U.S.C. §§ 1981 and 1983 for wrongful discharge based on race. The court held that a suit seeking judicial review of an employment decision concerning military personnel presents an issue that is not justiciable under the *Feres* doctrine. *Id.* at 1010. The court recognized two exceptions to the rule that a plaintiff may not challenge an internal military decision: (1) an action may be brought to challenge the constitutionality of a military regulation as distinct from a discrete military personnel action; and (2) an action may be brought to seek limited judicial review of a final agency action on a decision whether to correct error or injustice in a military record. *Id.* at 1010–11. The court concluded that the nature of Watson's §§ 1981 and 1983 suit did not fall within either of these exceptions and thus dismissed the claims as not justiciable. *Id.* at 1011.

In *Hupp v. United States Dep't of the Army*, 144 F.3d 1144, 1148 (8th Cir.1998), the Eighth Circuit upheld a district court's decision dismissing a National Guard member's claim under Title VII that she was denied a job as a civilian technician because of her sex. The court held that the claim was not justiciable under the *Feres* doctrine. *Id.*

■ Here, it is undisputed that the Arkansas Air National Guard Selective Retention Review Board recommended against retaining Berger in the National Guard and that, following that recommendation, the Adjutant General discharged Berger from military service. That decision was a military decision. The subsequent termination of Berger's job as a technician was required by statute. 32 U.S.C. § 709(f)(1)(A). The decision to terminate Berger's civilian job cannot be reviewed without reviewing the decision to discharge him from the Air National Guard. In *Chappell v. Wallace*, 462 U.S. 296, 300, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the Supreme Court held, "[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment." Berger's complaint requires judicial review of an internal military personnel decision. Consequently, Berger's Title VII and § 1981 claims are not justiciable under the *Feres* doctrine.

■ Berger also asserts a state-law claim of intentional infliction of emotional distress. The Federal Tort Claims Act prohibits the institution of a tort action against the United States unless the claimant has first presented the claim to the appropriate federal agency and the administrative process has been exhausted. 28

856

U.S.C. § 2675; *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). As to his claim of intentional infliction of emotional distress, Berger did not exhaust the administrative remedies as required by the FTCA. Therefore, the Court lacks subject matter jurisdiction over Berger's intentional infliction of emotional distress claim. *Celestine v. Mount Vernon Neighborhood Health Center,* 403 F.3d 76, 84 (2d Cir.2005). Moreover, the complaint fails to state a claim for intentional infliction of emotional distress under Arkansas law and would be dismissed under Fed.R.Civ.P. 12(b)(6) even if the Court had subject matter jurisdiction. *Faulkner v. Arkansas Children's Hosp.,* 347 Ark. 941, 958, 69 S.W.3d 393, 404 (2002).

Because the Court lacks subject matter jurisdiction, it cannot enter a valid judgment. Therefore, it would be useless to enter a default judgment under Fed. R.Civ.P. 55, even if that rule otherwise would permit entry of a default judgment here, an issue that the Court does not reach.

In conclusion, the defendant's motion to dismiss for lack of subject matter jurisdiction (Docket #20) is GRANTED. The plaintiff's motion to strike pleading and for default judgment (Docket #28) is DENIED.

IT IS SO ORDERED this *27th* day of May, 2005.