Raymond L. DONATHAN *v.* Guy McDILL and Hot Springs Title Company

90-270                                              800 S.W.2d 433

Supreme Court of Arkansas
Opinion delivered December 21, 1990

---

*J. Sky Tapp*, for appellant.

*Kemp, Duckett, Hopkins & Spradley*, by: *Denise M. Martindill*, for appellee Hot Springs Title Company.

*Woodsmith, Schnipper & Clay*, by: *Don Schnipper*, for appellee Guy McDill.

DAVID NEWBERN, Justice. Raymond L. Donathan, the appellant, sued the appellees, Guy McDill and Hot Springs Title Co., of which McDill was president, for tortious interference with a business expectancy. Summary judgment was granted to McDill and the company essentially on the ground that Donathan's expectancy was subject to a contingency, and the fact that McDill's actions brought about the contingency did not constitute tortious conduct on his part. The summary judgment is affirmed.

Donathan hired Hot Springs Title Co. to research the title to a parcel of land he wished to buy. Donathan was informed by the company that the land was soon to be sold for nonpayment of taxes. At the tax sale, Donathan and McDill both bid on the land, and Donathan's bid of $2,800 was accepted. Delinquent taxes were approximately $300, and the land was worth $15,000 to $20,000.

After the sale, McDill informed the executor of the estate which owned the land about the sale and the estate's right to redeem the land by payment of all taxes due within 30 days of the date of the sale. See Ark. Code Ann. § 26-37-202(e). (Supp. 1989). McDill was authorized by the executor to redeem the land on behalf of the estate. He did so using his own money channelled through an account of the Hot Springs Title Co. McDill then began negotiations with the estate to purchase the property.

Donathan, probably correctly, did not allege a fiduciary relationship. His action was based solely on the tort of interference with a business expectancy. We have recognized the tort.

*Kinco, Inc.* v. *Schueck Steel, Inc.*, 283 Ark. 72, 671 S.W.2d 178 (1984); *Walt Bennett Ford, Inc.* v. *Pulaski County Special School Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981). It consists of these elements: (1) a valid business expectancy (2) of which the defendants knew and (3) with which they intentionally interfered (4) causing a loss of the expectancy and (5) resulting damages.

Donathan's business expectancy was to purchase the land in question for $2800 from the commissioner *unless* the owner made a timely redemption. His expectancy was fulfilled. No authority is cited holding, or even suggesting, that causing such a contingency as redemption to occur constitutes tortious interference.

While we understand and might agree with Donathan's contention that some facts remain in dispute, we must agree with the trial court that none of them are material facts, given our conclusion that Donathan had no expectancy other than the one subject to the contingency which occurred.

Affirmed.