**A & A ENTERPRISES, INC., d/b/a Moore & Associates Insurance Agency, Plaintiff,**

**v.**

**GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation; The Travelers Indemnity Company, a Connecticut Corporation; The Travelers Indemnity Company of Illinois, an Illinois Corporation; and The Travelers Indemnity Company of Rhode Island, a Rhode Island Corporation, Defendants.**

**No. J–C–96–416.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Oct. 10, 1997.

Michael R. Bearden, Blytheville, AR, for A&A Enterprises, Inc.

J. Barry Deacon, Jonesboro, AR, for Great American.

John S. Cherry, Jr., Little Rock, AR, for Travelers.

## ORDER

MOODY, District Judge.

Pending before the Court are separate motions by defendants for summary judgment. (Doc. #5 & #8) Based on the pleadings, exhibits and briefs, the Court finds that both motions for summary judgment should be granted.

## BACKGROUND

Plaintiff is an insurance agency which had a brokerage contract with defendant Travelers Indemnity Company beginning in October of 1986. Joe D. Whisenhunt was a client of the insurance agency and an insured of Travelers.

In April, 1989, Whisenhunt purchased a houseboat and plaintiff obtained ocean marine insurance on the boat with Travelers. Plaintiff had neither the authority to issue marine policies nor bind such policies for Travelers but simply forwarded Whisenhunt's application for coverage to Travelers.

Travelers issued ocean marine policy # OG30329167676708201 for a one year period commencing April 5, 1989. The policy was a "direct bill" so that billings and collection of premiums were handled by Travelers and not the plaintiff, as agent for Whisenhunt. The policy was renewed each year with the final coverage period being April 5, 1992 until April 5, 1993.

On April 30, 1992, Travelers sold its ocean marine division to defendant, Great American Insurance Companies. The contract between the two insurance companies provided for sale of existing Travelers ocean marine policies, including the Whisenhunt policy, to Great American. The risk of loss arising under this policy shifted to Great American on April 30, 1992.

Travelers did not notify its policy holders, including Whisenhunt, of the sale of its ocean marine division nor did it inform plaintiff of the transfer of the Whisenhunt policy. In May of 1992, Great American notified plaintiff that it was purchasing Travelers' ocean marine division and contracted with plaintiff to broker its policies under a similar agreement as the one plaintiff had with Travelers.

The last policy issued by Travelers expired April 5, 1993. Travelers did not send renewal notices to its policy holders after the sale of its ocean marine division and was expressly prohibited under its agreement with Great American from soliciting renewal applications.

In October of 1993, the boat was damaged to the extent of $15,000.00 in a fire. Whisenhunt notified plaintiff of the loss who in turn notified Travelers and Great American. Travelers initially denied the claim because it had no policy in force at the time of the loss and Great American denied the claim because it had never received a renewal premium after the policy lapsed on April 5, 1993.

In May of 1994, Whisenhunt filed suit against plaintiff for the loss alleging that plaintiff was negligent in not securing coverage after the Travelers policy lapsed. Neither Travelers nor Great American were named in the suit. Travelers negotiated a settlement of the claim by paying Whisenhunt $15,000.00 and Whisenhunt dismissed his suit against plaintiff. Whisenhunt canceled all of his policies obtained through the plaintiff's agency and ceased doing business with it.

Under theories of negligence and interference with a business relationship, plaintiff brings this action against the two insurance companies for commissions it contends it would have received for Whisenhunt's continued business. Defendants' motions for summary judgment have challenged whether plaintiff's complaint states a cause of action for negligence and whether plaintiff has offered evidence to make a factual issue on intentional interference of a contract.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. Fed.R.Civ.P. 56. The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States,* 600 F.2d 725 (8th Cir.1979), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420

(1979). The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact. *Counts v. MK–Ferguson Co.,* 862 F.2d 1338 (8th Cir.1988).

■ Plaintiff has failed to cite any authority or furnish any evidence to support a claim of negligence against either defendant. In plaintiff's response to the motions for summary judgment, it makes the bald assertion that defendants owe it a duty with respect to the renewal of the ocean marine policy or the handling of the Whisenhunt claim without an explanation as to what that duty is. Here, the Court is aware of no authority under the common law where a legal duty is owed to an insurance agent by an insurer regarding the handling of an insured's claim or the renewal of an insured's policy.

The issue of whether a duty exists between parties is a threshold question of law for the Court to decide. *Cherepski v. Walker,* 323 Ark. 43, 913 S.W.2d 761 (1996); *First Commercial Trust Co. v. Lorcin Eng., Inc.,* 321 Ark. 210, 900 S.W.2d 202 (1995).

In order to be liable to the plaintiff, the defendant insurance companies must have breached a duty to the plaintiff. Unless such a duty exists, there can be no breach. Nor does the brokerage agreement attached as "Exhibit 1" to the memo brief in support of Travelers' motion for summary judgment contain any reference to the handling of a claim for an insured and does not create a duty in favor of the agent.

■ Plaintiff's claim that Great American interfered with its business relationship with Whisenhunt must also fail for lack of any evidence to support it.

■ To establish a prima facie case of intentional interference with business relations in Arkansas, plaintiff must establish: (a) the existence of a valid contractual relationship or a business expectancy; (b) knowl-

edge of the relationship or expectancy on the part of the interferer; (c) intentional interference; (d) a breach or termination of the relationship or expectancy that was either induced or caused by the interference; and (e) resultant damage to the party whose relationship or expectancy has been disrupted. *Donathan v. McDill*, 304 Ark. 242, 800 S.W.2d 433 (1990).

Plaintiff has failed to produce any evidence in support of either (c) intentional interference; or (d) a breach or termination of the relationship or expectancy that was either induced or caused by the interference.

Great American's only involvement was to deny a claim on the grounds that it had never issued a policy which covered the loss. The Court finds that this does not rise to the level of intentional interference with a business relationship.