600 F.2d 725
 INLAND OIL AND TRANSPORT CO., Appellant,
v.
UNITED STATES of America, United States Army Corps of
Engineers, Clifford L. Alexander, Secretary of the Army of
the United States, Leon McKinney, District Engineer of the
St. Louis District Corps of Engineers and James Fogilphol,
James Stewart and Vernon Drew, Appellees.
 No. 79-1031.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1979.
Decided June 29, 1979.
 
 Paul R. Hales, of Goldstein & Price, St. Louis, Mo., for appellant; Gary T. Sacks, St. Louis, Mo., on brief.
 David V. Hutchinson, Atty., Torts Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for appellee; Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Robert D. Kingsland, U. S. Atty., St. Louis, Mo., and William Kanter, Atty., Washington, D. C., on brief.
 Before LAY, BRIGHT and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Inland Oil and Transport Co. (Inland) brought this action against the United States, the Army Corps of Engineers, and a number of individual defendants in the district court[1] to enjoin the continued enforcement of a Special Notice to Navigation Interests issued by the St. Louis District of the Army Corps of Engineers on March 16, 1977. Inland also asked the district court to declare the procedures established by the Special Notice to be illegal and to award Inland actual and punitive damages.
 
 
 2
 The effect of the Special Notice was to establish a locking precedence procedure for towboats and barges using the main locking chamber of Locks and Dam No. 26 on the Mississippi River near Alton, Illinois. In order to keep its place on the waiting list for transit through the main chamber, a tugboat had to be willing to assist other vessels using the locks. This assistance was required to be furnished without compensation or indemnification for loss and a boat which failed to follow this procedure lost its place in line. A smaller, auxiliary chamber was not subject to this locking precedence procedure.
 
 
 3
 Inland, which is in the business of transporting petroleum and petroleum by-products on the Mississippi River by means of barges, refused to allow its towboats to render assistance as required by the procedure. As a result it alleged that its boats suffered delays and incurred other additional expenses in using the locks on three occasions. The district court considered the case on cross motions for summary judgment and held that the discontinuance of the procedure had eliminated the necessity for injunctive and declaratory relief. It also found that Inland had not sustained any damages and granted summary judgment in favor of the defendants.[2] We affirm.
 
 
 4
 Inland argues that the district court erred in holding that its claims for injunctive and declaratory relief were rendered moot by the discontinuance of the procedure. Although the district court did raise the possibility that Inland's claims were moot, it is clear from the unpublished memorandum opinion and the authorities cited therein that the district court considered these claims on their merits and declined to order such relief. Inland Oil & Transport Co. v. United States, 462 F.Supp. 763 at 765 (E.D.Mo.1978).
 
 
 5
 Although the district court arguably had the power to grant the relief sought, it does not follow that it was required to do so.
 
 
 6
 (T)he moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive. The chancellor's decision is based on all the circumstances; his discretion is necessarily broad and a strong showing of abuse must be made to reverse it.
 
 
 7
 United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). See also Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In this case the district court found that the Special Notice had been rescinded and the locking precedence procedure discontinued in 1977 and that there was no indication that the practice might be reinstituted. We also note that this procedure, which was established to facilitate the movement of river traffic through the locks, was in force for only seven months during 1977. In these circumstances, we cannot say that the district court abused its discretion in refusing to grant the declaratory and injunctive relief sought by Inland.
 
 
 8
 Inland also challenges the district court's finding that it sustained no actual damage on the three occasions when Inland alleges that its vessels were delayed in transiting the locks. We recognize at the outset that summary judgment is an extreme remedy which may not be granted unless the movant has established his right to the judgment beyond controversy and that summary judgment is not appropriate where material facts remain in dispute. Moreover, in ruling on a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 153-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 209-10 (8th Cir. 1976); Giordano v. Lee,434 F.2d 1227, 1230-31 (8th Cir. 1970), Cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971). Nevertheless, summary judgment is an important method of promoting judicial economy by preventing the trial of cases in which no genuine issue of fact remains. Therefore, a party opposing a motion for summary judgment may not rest upon his pleadings but must set forth specific facts showing a genuine issue for trial. Anderson v. Viking Pump Div. Houdaille Indus., Inc., 545 F.2d 1127, 1129 (8th Cir. 1976); Cervantes v. Time, Inc., 464 F.2d 986 (8th Cir. 1972), Cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973).
 
 
 9
 Bearing these principles in mind, we have examined each alleged incident of delay and conclude that the district court did not err in finding that no genuine issue of fact remained and that Inland failed to set out facts to substantiate its claims for damages.
 
 
 10
 Affirmed.
 
 
 
 [1]
 The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri
 
 
 [2]
 We note that this case was presented to the district court on cross motions for summary judgment on the basis of a well developed record including affidavits and other documentary evidence. Inland does not contend on appeal that the case is not ripe for summary judgment or that it would submit additional evidence if the cause were tried. Nor does Inland ask this court to remand the case for trial