**Freda A. SILL, Plaintiff,**

v.

**SHILEY, INC., Defendant.**

**No. 87–0471–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

June 1, 1989.

Schulz, Bender, Maher & Blair, J.C. Hambrick, Jr., Steven G. Emerson, Thomas

H. Davis, Morris & Larson, Kansas City, Mo., for plaintiff.

David A. York, Latham & Watkins, Chicago, Ill., Patrick Lysaught, Sherman Wickens Lysaught & Speck, Kansas City, Mo., David Klingsberg, Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS

BARTLETT, District Judge.

On March 12, 1986, a Bjork–Shiley 60° Convexo/Concave mitral heart valve manufactured by defendant Shiley, Inc. was implanted in plaintiff Freda A. Sill. On January 1, 1987, plaintiff watched the television show "20/20" that described strut fractures in some of Shiley's mechanical heart valves. Also, there was reference to alleged attempts by Shiley to conceal information about defects in the valves from the Food and Drug Administration and the general public. It is undisputed that plaintiff's valve is presently functioning normally. However, plaintiff claims diagnosable emotional distress due to the manufacturing history of Shiley's heart valves and the "20/20" revelation that strut fractures cause sudden death to implantees.

On May 26, 1987, plaintiff filed a ten count complaint against Shiley. On June 27, 1988, Shiley filed a motion for summary judgment. Although plaintiff opposed the motion, she moved for and was granted leave to amend her complaint. On September 28, 1988, plaintiff filed her first amended complaint which contained the following claims: Count I, intentional infliction of emotional distress; Count II, negligent infliction of emotional distress; Count III, breach of express warranties; Count IV, breach of implied warranty of merchantability; Count V, breach of warranty of fitness for a particular purpose; and Count VI, negligently furnishing a dangerous product.

### Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the Court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). *See also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* 106 S.Ct. at 2512.

### Discussion

Shiley classifies this as a products liability case and asserts that no valid claim exists in Missouri under any theory of products liability where there has been no malfunction or failure of a product. Shiley asserts that under Missouri law even plaintiff's negligent infliction of emotional distress claim fails because the claim involves a product that has not malfunctioned. Because plaintiff concedes that her heart valve has not yet malfunctioned or injured *her,* defendant asserts that summary judgment is appropriate.

Under Missouri law, "the doctrine of strict liability under the doctrine of 402A is not applicable unless there is some malfunction due to an improper or inadequate design or defect in manufacturing." *Rich-*

*ardson v. Holland,* 741 S.W.2d 751, 754 (Mo.App.1987). At oral argument on defendant's summary judgment motion, counsel for plaintiff conceded that product malfunction was a prerequisite for recovery on plaintiff's warranty and failure to warn claims. Because plaintiff's heart valve has not malfunctioned, summary judgment will be entered on Counts III, IV, V and VI.

However, plaintiff asserts that product malfunction is not necessary to enable plaintiff to recover damages for either intentional (Count I) or negligent (Count II) infliction of emotional distress.

Both parties rely on *Bass v. Nooney,* 646 S.W.2d 765 (Mo. banc 1983) which abolished in Missouri physical "impact" as a prerequisite to recovery for emotional distress. In *Bass,* the Missouri Supreme Court reversed a directed verdict for defendant and held that a plaintiff who experienced diagnosable emotional distress resulting from being stuck in an elevator for approximately 30 minutes stated a legally cognizable claim. The court concluded that:

> Instead of the old impact rule, a plaintiff will be permitted to recover for emotional distress provided: (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant.

646 S.W.2d at 772–73 (footnote omitted).

Because there was a "sudden unusual malfunction" of the elevator in *Bass,* defendant asserts that in an action for infliction of emotional distress *involving a product,* there must be a product malfunction.

Plaintiff argues that even though plaintiff's valve has not failed, plaintiff states a cause of action for infliction of emotional distress. Plaintiff asserts that 1) Shiley should have realized that its conduct involved an unreasonable risk of causing plaintiff emotional distress; and 2) the emotional distress which plaintiff suffered was of sufficient severity to be medically significant.

Assuming, without deciding, that plaintiff's view of Missouri law is correct, I asked plaintiff's counsel repeatedly at the oral argument *what conduct* plaintiff alleges "involved an unreasonable risk" of causing emotional distress to plaintiff. Counsel responded by asserting that defendant "failed to warn plaintiff that this particular heart valve model had an unusually high incidence of sudden catastrophic failures that were generally fatal."

There is no doubt that some of Shiley's valves have fractured in the past. *See* exhibits to plaintiff's opposition to summary judgment. However, Shiley's *uncontroverted* affidavits show *no* fractures have been reported in any Shiley valves manufactured after April 1984, when Shiley implemented the enhancements of its quality control inspections. Affidavit of Daniel R. Johnston, exhibit to defendant's motion for summary judgment at ¶¶ 6–7. Defendant further establishes by *uncontradicted* affidavit that the valve implanted in plaintiff was manufactured August 6, 1986. *See id.* at ¶¶ 8–9 and supplemental affidavit of Daniel R. Johnston, exhibit to defendant's reply memorandum at ¶¶ 2–4. Thus, the undisputed facts show that no valves in the series which was implanted into plaintiff have failed and no Shiley valves of any type have been reported as failing since April 1984.

Plaintiff's counsel stated at the hearing that neither he nor his client believed Johnston's affidavit that there have been no failures of Shiley valves since March 1984. Plaintiff asserts that because she believes that Shiley lied to the FDA and others to cover defects, Shiley is lying by Johnston's affidavit. However, plaintiff has not presented in accordance with Rule 56(e) any facts contradicting Johnston's affidavit. Further, counsel for plaintiff has not asked me to reopen discovery. In fact, he stated that he did not want me to wait to rule on defendant's motion for summary judgment until further facts could be obtained. Therefore, I must rule this motion with the properly presented facts before me.

Accordingly, Shiley's failure to tell plaintiff before her March 1986 surgery that several valves manufactured by Shiley *prior* to April 1984 had fractured did not create an "unreasonable risk of causing emotional distress" to plaintiff. I find no authority in Missouri requiring a manufacturer who produces a flawed product, and who later corrects the defect, to tell the consumer of the newly designed product about the defective product. Plaintiff has not shown that it is *likely* that her valve will fail in the future. She wants damages simply because of what she heard over television about valves manufactured before hers and because she does not believe Shiley has corrected the strut fracture problems in its valves. In the absence of properly presented facts that Shiley had done something to her that has caused her distress, i.e., that there is some defect in the valve implanted in her, plaintiff does not have a cognizable claim for infliction of emotional distress under Missouri law. On the facts presented, defendant had no duty to tell plaintiff about the failure of other valves. Therefore, defendant's failure to give her this information did not create an unreasonable risk of causing plaintiff emotional distress.

Accordingly, it is hereby ORDERED that defendant's motion for summary judgment is granted on all counts.