**Lilliah M. HILL, Plaintiff,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY, Defendant.**

Civ. No. 89–6131.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Nov. 5, 1990.

Mark S. Cambiano, Morrilton, Ark., for plaintiff.

David L. Williams and James H. Druff, Rose Law Firm, Little Rock, Ark., for defendant.

## ORDER

OREN HARRIS, District Judge.

Before the court is a motion for summary judgment filed by the defendant, Mutual Benefit Life Insurance Company. The defendant seeks summary judgment dismissing plaintiff's claim for accidental death insurance benefits. The defendant also seeks to strike plaintiff's claims for bad faith and punitive damages. Plaintiff has responded to the motion.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R. Civ.P. 56. Summary judgments should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1971).

The facts are uncontroverted. Plaintiff's husband, the decedent, purchased a life insurance policy from the defendant providing for $52,000 in accidental death benefits. The decedent made timely payment of all premiums and the policy was in full force and effect at the time of his death. Plaintiff is the sole beneficiary of the policy.

On January 9, 1989, the decedent slipped and fell while carrying a heavy mail bag on his mail route for the Post Office. Fifty-two hours later, on January 11, 1989, he died as a result of the rupturing of an abdominal aneurysm. The decedent's treating physician, Dr. John Vaughn, noted that the aneurysm had most likely been in existence for some time, and it's rupture was probably caused by the accidental fall.

Plaintiff made a claim for both term life and accidental death benefits under the life insurance policy. Defendant paid the term benefits, but denied accidental death benefits under the policy. Accidental death benefits are controlled by the following provision of the policy:

**Accidental Death Benefits:** If an accidental bodily injury is sustained by an insured member, while he is insured under the Group Policy, which directly, and independently of all other causes, results in his death within ninety days from the date of such injury, the beneficiary of the insured member as designated or otherwise determined for the member's Life Insurance will be entitled to the applicable maximum amount of benefit, subject to the provisions and limitations of the Group Policy.

.      .      .      .      .

**Risks Not Assumed:** Accidental death and dismemberment is not a risk assumed under the Group Policy if it results directly or indirectly from: ... (c) any bodily or mental infirmity, disease, or infection other than a pyogenic infection occurring through and with an accidental cut or wound.

Both parties agree that the aneurysm was a bodily infirmity. However, plaintiff contends that if not for the accidental fall, the aneurysm would not have ruptured; i.e. the accidental fall precipitated the death. Defendant contends that since the cause of death was due to a pre-existing bodily infirmity, it is not obligated to pay accidental death benefits.

Defendant cites *Jackson v. Southland Life Ins. Co.*, 239 Ark. 576, 393 S.W.2d 233 (1965) in support of its contention. In *Jackson*, the insured had an epileptic attack, fell into a water-filled ditch, and drowned.[1] The trial judge, sitting as a jury, found that the pre-existing disease was the proximate cause of the drowning and denied coverage under the accidental insurance policy. The Arkansas Supreme Court affirmed. The court quoted the general laws regarding this topic from an American Jurisprudence volume. The court stated:

" 'The general rule is that the mere fact that the insured is afflicted with some disease or infirmity at the time of an injury will not preclude recovery upon

---

1. The *Jackson* case differs factually from the case in hand. There, the insured died of an accidental injury resulting from his physical infirmity. Here, the insured died from a physical infirmity triggered by an accident.

an accident insurance policy if an accident is the direct or proximate cause of death or disability, even though the policy excepts death or injury caused by disease or infirmity ...

'On the other hand, if the insured is afflicted with a disease or infirmity at the time an alleged accident occurs, which disease or infirmity proximately causes or substantially contributes to the death or injury resulting, such death or injury is not within the coverage of a policy which insures against death or bodily injury by accident or accidental means, independently of all other causes, or which excepts death or bodily injury produced by diseased or infirmity.' "

*Supra*, 239 Ark. at 580, 393 S.W.2d 233 (quoting 29 Am.Jur. 351, 353). Defendant contends that the second stated paragraph is the controlling law in the case at hand. The court disagrees.

First, the Supreme Court merely quoted the passages in dicta. They did not specifically adopt this as controlling Arkansas law. Second, this paragraph flies in the face of the overwhelming case law in Arkansas regarding this subject.

In *Farm Bureau Mutual Insurance Company of Arkansas, Inc. v. Fuqua*, 269 Ark. 574, 599 S.W.2d 427 (1980), the facts are similar to the case at hand. The insured, age 72, fell and sustained a fracture to his right hip. He died a week later. The death certificate listed the immediate cause of death as "Renal Failure" due to "Chronic Renal Disease." The insurance company denied coverage under the accidental death provision of the policy for the same reasons in this case. The trial court, sitting as a jury, found the insured's accidental fall triggered the complications resulting in his death. Judgment was rendered in favor of the beneficiary, plus fees and penalty.

On appeal, the Arkansas Supreme Court found that the complications resulting in the death of the insured were precipitated by the accident causing the fractured hip

and affirmed the trial court. The court stated:

" 'Our exhaustive research reveals the law to be well settled in this state than [sic] an insurance company is liable on their policy of accident insurance if death resulted when it did on account of an aggravation of a disease by accidental injury, even though death from the disease might have resulted at a later period regardless of the injury, on the theory that if death would not have occurred when it did but for the injury, the accident was the direct, independent and exclusive cause of death at the time ...' "

*Farm Bureau, supra*, 269 Ark. at 580, 599 S.W.2d 427 (quoting *Life & Casualty Insurance Company of Tennessee v. Jones*, 230 Ark. 979, 328 S.W.2d 118 (1959)).[2]

Based upon the *Fuqua* case, the law in Arkansas seems to be contrary to what the defendant contends. That is, if the accident precipitates the death, it is the direct, independent and exclusive cause for purposes of an accidental death insurance policy. This being the case, defendant's motion for summary judgment regarding coverage under the insurance policy shall be denied.

The defendant also asks this court to strike plaintiff's claim under the tort of bad faith. In *Aetna Casualty & Surety Co v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984), the Arkansas Supreme Court recognized the tort of bad faith in first party insurance contracts. To establish the tort of bad faith, the insured must prove that the insurer affirmatively engaged in dishonest, malicious or oppressive conduct in an attempt to avoid liability under the policy. *Aetna Casualty, supra*, 281 Ark. at 133, 664 S.W.2d 463. This is a fact intensive question for the jury to decide. Even if it were a legal determination for the court, the record is wholly incomplete on this issue at this time.

Defendant lastly argues that plaintiff's claim for $5,000,000 in punitive damages should be stricken as unconstitutional. In

2. The "exhaustive research" mentioned consisted of eleven cases in support of this statement of law. *Life & Casualty Insurance Company of*

*Tennessee v. Jones*, 230 Ark. 979, 985, 328 S.W.2d 118 (1959).

support of this argument, defendant only cites dicta by U.S. Supreme Court Justices that this issue may be worthy of the U.S. Supreme Court's attention in an appropriate case. The court finds that this argument is premature at this time and, as of now, is without sufficient legal support.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that defendant's motion for summary judgment be and the same is hereby denied.