Jeffrey HOLDER, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

No. PB–C–95–606.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 1, 1997.

Richard E. Worsham, Worsham Law Firm, P.A., Little Rock, Pine Bluff, AR, for Jeffery Holder, plaintiff.

Jeffery Holder, Pine Bluff, AR, pro se.

Scotty M. Shively, Cross, Gunter, Witherspoon & Galchus, P.C., Little Rock, AR, for Wal–Mart, defendant.

## ORDER

HENRY WOODS, District Judge.

The plaintiff's complaint alleges that the defendant terminated his employment on account of his sex. The defendant has moved for summary judgment, and the plaintiff has responded.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed. R.Civ.P. 56. The Supreme Court has set forth guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir.1979), cert. denied, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Court of Appeals for the Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K.-Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[ ] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the

record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–74 (8th Cir.1988) (citations omitted) (brackets in original)).

In this case, the following facts are undisputed:

1. The plaintiff, Jeffrey Holder, a twenty-nine-year-old white male, was hired by Wal–Mart and worked first on a set-up crew, and later as a stockman at the Wal–Mart store adjacent to the Pines Mall in Pine Bluff, Arkansas.

2. Prior to his employment with Wal–Mart, Holder had been discharged from another employer, Central Electric Supply Company, for being late to work.

3. For a brief period of time, Holder was a department manager within the store. The His duties managing a department interfered with his second job at a local Pizza Hut. Thus, Holder requested to return to his position as stockman. The request was granted, and Holder remained in that position until is discharge.

4. When Holder returned to his job as general stockman, his hours were 5:00 a.m. to 2:00 p.m. He was supposed to report to work, ready to go to work, at 5:00 a.m.

5. On February 28, 1994, Holder received a performance coaching arising out of his failure to report to work, or to call in, two days previously.

6. On April 14, 1994, Plaintiff received another performance coaching for being tardy to work on April 9, 11, 12, and 14, 1994. It was noted that the next level of corrective action would be a decision day or final written coaching.

7. On July 11, 1994, Plaintiff received another written performance coaching based upon his conduct at the Wal–Mart store on July 7, 1994. This was noted as being the plaintiff's decision making day, i.e. the day for him to decide if he wished to continue his employment at Wal–Mart. It was noted that the next level of corrective action would be "termination."

8. On July 20, 1994, Plaintiff called in prior to his starting time indicating that he would be late for work because his car would not start. Plaintiff spent the day trying to repair his car, and he did not report to work at all that day. He gave as his reason for not showing up that it took the entire day to fix his car, and, by the time it was running, it was too late for him to come to work.

9. On August 2, 1994, Plaintiff again called in stating that he would be late for work. Once again, according to Holder, it took most of the day to get his car running. As a result, by the time he was able to get his car started, it was too late to come to work.

10. On August 3, 1994, Plaintiff was discharged from his position as a stockman at Wal–Mart for "excessive absences and/or tardies."

11. Plaintiff filed an EEOC Charge claiming sex discrimination. That is, Plaintiff claimed that he was the victim of sex discrimination because he is a white male. The EEOC dismissed the Charge and issued its right to sue letter.

12. Plaintiff filed a timely lawsuit again claiming sex discrimination.

13. The "intimidation" plaintiff alleges relates to his being requested to sign the written performance coachings. Plaintiff can offer no proof of alleged "intimidation" cognizable at law.

14. The "First Amendment" violation Plaintiff alleges relate to Wal–Mart's reprimand of Holder for a verbal outburst in the lobby of the Wal–Mart store where he worked.

15. The written reprimands (designated "written performance coachings") of Plaintiff are the only "unfair labor practices" alleged by Holder.

16. Written performance coachings, and the designation that Plaintiff was not eligible for rehire in his personnel file, are not statements published to third parties by Defendant Wal–Mart. These notations in the

company's internal personnel records do not constitute "defamation of character."

17. Plaintiff has offered no proof that his discharge from Wal-mart was improperly based on his status as a male.

In his deposition, Holder was asked, "Do you think your dismissal was based upon the fact that you are a man, or because they didn't like you?" His response was, "I think it was because they didn't like me. I mean that's the whole bottom line. I think they didn't like me, so they went through the process to get rid of me." Plaintiff's Deposition, 76:5–18, attached as Exhibit 1 to Defendant's Motion for Summary Judgment.

The allegation that "others" who were repeatedly late or absent from work were treated differently is not supported by the record. The plaintiff has directed the Court to no similarly situated female employee who was treated differently when repeatedly warned about excessive tardiness.

The plaintiff complains that when he was a department manager he was required to perform certain physical task which were not required of female department managers. First, this conduct, even assuming that it occurred, cannot form the basis of the current charge, because it occurred more than 180 days before he filed his charge with the EEOC. If the case proceeded to trial, it might be evidence of animus based on sex; but standing alone, this does not constitute sex discrimination.

The defendant is entitled to summary judgment. Accordingly, the Motion for Summary Judgment is granted, and this case is dismissed with prejudice this 26th day of November, 1997.