**Louise LUNG, Individually, and as Personal Representative of the Estate of Pamela Lung, Deceased, Plaintiff,**

**v.**

**MANNING SERVICES, INC., Peter Estes, Curt Estes, and Barbara Estes, Defendants.**

**No. J–C–97–162.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

May 12, 1998.

---

**1156**

Bobby R. McDaniel, McDaniel & Wells, P.A., Jonesboro, AR, for Plaintiff.

Paul D. Waddell, Barrett & Deacon, Jonesboro, AR, for Defendants.

## ORDER

HENRY WOODS, District Judge.

Plaintiff has moved for partial summary judgment on the issue of imputation of defendant Peter Estes' negligence to defendant Manning Services, Inc. Specifically, the question raised in the plaintiff's motion is whether Peter Estes was the agent of Manning Services, Inc., thus making Manning vicariously liable for Estes' negligence. For reasons which follow, the motion will be granted.

The standard for granting summary judgment is, by now, well settled. Summary judgment is appropriate only if the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, so that the dispute may be decided as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250.

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no party is improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir.1979), cert. denied, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The burdens of the respective parties are, by now, settled law:

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[ ] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Counts v. M.K.–Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir.1988), [quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–74 (8th Cir.1988) (citations omitted) (brackets in original) ].

The material facts relating to the imputed liability of Manning, Inc. are not in dispute. An intersection collision occurred on July 10, 1996, between a car driven by the plaintiff's deceased and a tractor-trailer truck ("truck") driven by defendant Peter Estes. Mr. Estes apparently failed to stop at a stop sign at an intersection near Marked Tree, Arkansas. Pamela Lung's car collided with the truck, resulting in Ms. Lung's death.

The truck involved in this accident was owned by defendants Curt and Barbara Estes, but was, at the time of the accident, leased to defendant Manning Services, Inc.

Manning Services, Inc. is a motor carrier subject to Department of Transportation (DOT) regulations. The lease between Curt and Barbara Estes and Manning incorporates DOT regulations governing leases between owners and motor carriers. The logo and the DOT numbers of Manning Services, Inc. appeared on the side of the truck at the time of the accident.

It is undisputed that the driver of the truck, Mr. Peter Estes, completed an application for a position as a driver with Manning prior to driving for Manning. He testified in deposition that his conduct, both while driving and while off duty, was subject to the policies of Manning, and that he would face consequences for violating Manning company policies. Wayde Manning, the principal owner of Manning Services, Inc., also testified in his deposition that Peter Estes was subject to dismissal for violating Manning company policy at the time of the accident, and that Manning had the power to dismiss Peter Estes for violation of Manning company policy. The record contains a number of other documents indicating an employment relationship between Manning Services, Inc. and Peter Estes.

In its response to the plaintiff's Motion for Partial Summary Judgment, Manning concedes that, for limited purposes, Peter Estes was a "statutory employee" of Manning. Manning contends, however, that Estes' designation as an "employee" was for the limited purpose of complying with DOT regulations. Thus, Manning contends, there is a genuine issue as to whether Estes was actually an employee of Manning for the purpose of establishing Manning's liability for Estes' negligence. Manning points out that it paid the owners of the tractor, Curt and Barbara Estes, for the use of the tractor, and that they, Curt and Barbara Estes, paid Peter Estes' wages. Manning also notes that Peter Estes was not considered an "employee" for purposes of any state unemployment tax.

The Court will accept, for purposes of this motion, the proposition that Peter Estes was not an "employee" of Manning Services, Inc. for all purposes, or in every sense of the word. A determination of who Peter Estes' "employer" was—assuming that Peter Estes could have only one "employer"—is really not a material issue at this time. The material question is this: Was Peter Estes, as a matter of law, the *agent* of Manning Services, Inc. at the time of the accident so as to impute liability for his negligence to Manning as his *principal*?

The federal regulations and "logo liability" case law in this circuit make it clear that if Peter Estes was driving under Manning's logo with its consent, Manning is liable for Estes' negligence. 49 C.F.R. § 1057.12(c)(1) ("carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease"); *Grinnell Mutual Reinsurance Co. v. Empire Fire & Marine Ins. Co.*, 722 F.2d 1400 (8th Cir. 1983) (Carrier to whom equipment is leased must maintain insurance coverage on the leased vehicle for the protection of the public. "The motor carrier whose number is displayed on the tractor will be held liable to the public for the negligent operation of the leased vehicle."); *Acceptance Insurance Company v. Canter*, 927 F.2d 1026 (8th Cir. 1991).

There is no dispute in this case that Peter Estes was driving under the Manning logo and DOT number at the time of the accident, and that he was acting in the course and scope of his duties. Thus, he was, as a matter of law, the agent of Manning for purposes of imputation of liability. Any other holding would render the DOT regulation—the maintenance of insurance coverage *for the protection of the public*—ineffective. This is not to say that he was the agent of only Manning, but he was Manning's agent.

Accordingly, the plaintiff's Motion for Partial Summary Judgment is granted. Peter Estes was, as a matter of law, the agent of Manning Services, Inc. at the time of the accident giving rise to this lawsuit. Any negligence on his part will be imputed to Manning Services, Inc.