SGI/ARGIS EMPLOYEE BENEFIT TRUST PLAN, Plaintiff,

v.

The CANADA LIFE ASSURANCE COMPANY and Corporate Benefit Solutions, Inc., Defendants.

No. 4:00CV00188JMM.

United States District Court,
E.D. Arkansas,
Western Division.

May 10, 2001.

Steve L. Riggs, Dover & Dixon, Little Rock, AR, T. Scott Clevenger, Clevenger, Angel & Miller, P.L.L.C., Little Rock, AR, for Trust Plan.

Nate Coulter, Wilson, Engstrom, Corum & Coulter, Little Rock, AR, for Canada Life Assurance Company.

Robert L. Henry, III, Barber, McCaskill, Jones & Hale, P.A., Little Rock, AR,for Corporate Benefit Solutions.

### ORDER DENYING CBS' MOTION FOR SUMMARY JUDGMENT AND GRANTING CROSS MOTION FOR SUMMARY JUDGMENT OF CANADA LIFE

MOODY, District Judge.

Plaintiff SGI/Argis Employee Benefit Trust Plan filed the instant action for breach of contract and breach of fiduciary duties. The Benefit Trust Plan is an ERISA employee benefit trust formed on behalf of the employees of certain grocery stores in the South. Defendant Canada Life Assurance Company ("Canada Life") is the stop-loss insurer of the Plan. Defendant Corporate Benefit Solutions, Inc. ("CBS") is the Claims Administrator for the Plan. In this action, Plaintiff seeks reimbursement of certain medical expenses paid by CBS. Alternatively, Plaintiff seeks payment of denied medical expenses from its stop-loss insurer, Canada Life.

CBS has filed a motion for summary judgment. Plaintiff and Canada Life have responded. In conjunction with its Response, Canada Life has filed a cross-motion for summary judgment.

### Facts

On April 15, 1998, at approximately 10:00 p.m., Randy Slovacek was injured in a single car accident in West Tawakoni, Texas. Mr. Slovacek was transported to a hospital in Dallas, Texas, for treatment. According to Canada Life, a blood test indicated that Mr. Slovacek's blood alcohol content was .344% at 11:15 p.m., approximately 90 minutes after the crash. Defendant CBS does not dispute this fact. Under Texas law, a person with an alcohol concentration of 0.1% would have been considered legally intoxicated at the time of Mr. Slovacek's accident.[1] 10 Texas Penal Code § 49.01. No criminal charges were filed against Randy Slovacek arising out of his accident.

At the time of the accident, Mr. Slovacek was insured under the SGI/Argis Group Health Benefit Plan ("the Plan"). Medical bills for treatment of Mr. Slovacek's injuries were submitted to the Plan. Those bills were paid by the Plan's Claims Administrator, CBS. However, Mr. Slovacek's injuries from the accident were extensive and his medical bills exceeded $55,000.00. Medical expenses exceeding $55,000.00 are generally covered under the Plan's stop-loss insurance policy with Canada Life. Under the stop-loss insurance policy obtained by the Plan. Canada Life's insurance coverage would become effective when a Plan beneficiary reached his or her individual deductible of $55,000.00. Canada Life would reimburse the Plan Administrator, or CBS, for 100% of the "covered expenses" under the Plan in excess of this deductible.

When CBS attempted to recover for Mr. Slovacek's excess medical expenses, it was informed by Canada Life that Mr. Slovacek's medical bills were not "covered expenses" and the claim was, therefore, denied. Canada Life pointed out that the Plan excluded coverage for treatment resulting from, or occurring while, engaged in an "illegal act." Paragraph 14 of the Plan's exclusions provides:

14. Treatment or service resulting from or occurring (a) during the com-

---

1. "Alcohol concentration" means the number of grams of alcohol per: (A) 210 liters of breath; (B) 100 milliliters of blood; or (C) 67 milliliters of urine. V.T.C.A., Penal Code §§ 49.01 (West 2001).

mission of a crime by the participant; or (b) while engaged in an illegal act (including DWI), illegal occupation or aggravated assault. . . .

(Exhibit I to Motion for Summ.Judg. of CBS, p. 25). Canada Life explained that because Mr. Slovacek's blood alcohol content was above the legal limit for driving a motor vehicle in Texas at the time of the accident, he was engaged in an illegal act. For this reason, Canada Life concluded that his injuries were not covered under the Plan. CBS contends, however, that because Mr. Slovacek was not charged or convicted of an illegal activity he is not excluded under Exclusion 14 of the Plan.

Plaintiff has filed suit against CBS for breach of contract and breach of its fiduciary duty to the Plan. In its Amended Complaint, Plaintiff states that because of the level of alcohol in Mr. Slovacek's body at the time of his injury he was engaged in an illegal act. (Amended Complaint, p. 2). Plaintiff claims that CBS did not act diligently and in the best interests of the Plan when it determined that Mr. Slovacek's claims for medical expenses were properly payable under the terms of the Plan. Further, Plaintiff alleges that CBS breached its contract with Plaintiff because CBS was obligated to pay only such claims as were payable under the terms of the Plan. According to Plaintiff, payments for Randy Slovacek's medical expenses constituted a breach of the terms of the contract between CBS and Plaintiff. Should the Court find that Mr. Slovacek's claim is covered under the Plan, Plaintiff seeks alternatively a declaratory judgment against Canada Life for Mr. Slovacek's expenses in excess of $55,000.00

The issues presented by the cross-motions for summary judgment are whether Exclusion 14 of the Plan's medical exclusions is ambiguous and whether Exclusion 14 applies to Mr. Slovacek's medical expenses. If the Court finds that the ex-

penses were covered, Canada Life will be liable to the Plaintiff for reimbursement of Mr. Slovacek's medical expenses exceeding $55,000.00 and Plaintiff's claim against CBS will be moot. If Mr. Slovacek's expenses were not covered under the Plan, Canada Life is not liable to the Plaintiff for reimbursement of any of Mr. Slovacek's medical expenses and Plaintiff may pursue its claim against CBS for reimbursement of all of Mr. Slovacek's medical expenses paid under the Plan.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987), Fed. R.Civ.P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States,* 600 F.2d 725 (8th Cir.1979), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. MK–Ferguson Co.,* 862 F.2d 1338 (8th Cir.1988):

[T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–274 (8th Cir.1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

### Discussion

■ The Court must first determine whether the Plan's exclusion in question is ambiguous. "[W]hen a contract is unambiguous, its construction is a question of law for the court." *Allstate Ins. Co. v. Burrough*, 120 F.3d 834, 838 (8th Cir. 1997). "[S]traightforward language in an ERISA-regulated insurance policy should be given its natural meaning. In conducting a de novo review, the court is bound by the provisions of the documents establishing an employee benefit plan without deferring to either party's interpretation." *Garred v. General American Life Ins. Co.*, 774 F.Supp. 1190, 1197 (W.D.Ar.1991) (in-

ternal citations omitted). The Court cannot construe ambiguities in favor of the insured and against the insurer. *Id.* (citing *Brewer v. Lincoln National Life Ins. Co.*, 921 F.2d 150 (8th Cir.1990)).

■ CBS argues that Exclusion 14 of the Plan was intended to apply only in situations where a beneficiary was convicted of an illegal act. CBS provides the affidavit of Vivian Joiner, a Vice President at CBS, to support this argument. Ms. Joiner states in her affidavit that the intent of the exclusion is that it will have no application unless the covered employee is convicted of a crime by a court.[2] CBS states that the natural meaning of the exclusion requires such a conviction. In other words, CBS argues that because officials did not choose to press charges against Mr. Slovacek he did not engage in an illegal act. The Court disagrees.

The fact that Mr. Slovacek, or any other person, is not caught or prosecuted for his illegal actions does not make the action legal. "The failure of the state criminal justice system to prosecute an individual for alleged felonious activity by no means constitutes an affirmative finding that the individual is absolved of any crime." *James v. Louisiana Laborers Health and Welfare Fund*, 29 F.3d 1029, 1034 (5th Cir.1994). As the *James* court observes, "[I]t would be illogical in the instance where the covered person under the policy was killed during the commission of a crime to require that the State prosecute the individual before he could be considered to have committed the crime." (*Canada Life Assurance Co. v. Pendleton Memorial Methodist Hospital*, Civil Action No. 98–3469, 1999 WL 243653. Order and Reasons of the United States District

---

**2.** The Court notes that it can only consider extrinsic evidence related to contract interpretation when a contract is ambiguous.

Otherwise, a court must limit its review to the language included within the four corners of the contract.

Court of the Eastern District of Louisiana, dated April 21, 1999, at * 4).

Alternatively, CBS states that Exclusion 14 is susceptible to two interpretations, the interpretation of CBS and the interpretation of Canada Life. In this situation, CBS contends that the exclusion is ambiguous and under Arkansas law the Court should construe the exclusion against the insurer and in favor of the insured. "While it is true that state law can be used as a guide for fashioning the federal common law applicable to ERISA, state law cannot be used if it is contrary to the provisions of ERISA." *Brewer v. Lincoln National Life Ins. Co.*, 921 F.2d 150, 153 (8th Cir. 1990). The Eighth Circuit in *Brewer* specifically found that the "contra insurer rule," as followed in Arkansas, "violates the provisions of ERISA and thus cannot be used to interpret the plan's terms." *Id.*

Moreover, the Court finds that Exclusion 14 is unambiguous. It is unreasonable to read the term "illegal act" as requiring judicial action and conviction. Driving while "intoxicated," as that term is defined by Texas law, is illegal whether a person is convicted of the crime or not. The drafters of this exclusion could have required a conviction for Exclusion 14 to apply by including such language in the Plan. The natural meaning of the term does not include such a requirement. *Accord James v. Louisiana Laborers Health and Welfare Fund*, 29 F.3d 1029, 1034 (5th Cir.1994) and *Canada Life Assurance Co. v. Pendleton Memorial Methodist Hospital*, Civil Action No. 98–3469, 1999 WL 243653 (E.D.La.1999). For these reasons, Defendant CBS's motion for summary judgment is denied.

Canada Life contends in its motion for summary judgment that Mr. Slovacek was engaging in an illegal act at the time of his accident and therefore his medical expenses resulting from the accident are not covered under the Plan. CBS does not dispute that Mr. Slovacek's blood alcohol content was .344% approximately 90 minutes after the accident. Further, the parties agree that under Texas law, "a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place", "intoxicated" means having an alcohol concentration of 0.10 or more and "alcohol concentration" means "the number of grams of alcohol per 100 milliliters of blood".

Although CBS does not dispute that Mr. Slovacek's blood alcohol level was .344% approximately 90 minutes after the accident, they do not concede that Mr. Slovacek was intoxicated at the time of the accident. However, CBS has not presented any proof attacking the credibility or reliability of the test. In addition, CBS has not come forward with any evidence challenging the accuracy of the test or its results. The Court is therefore faced with an unchallenged test showing Slovacek's blood alcohol level more that 3 times the legal limit only 90 minutes after the accident. There is no evidence to suggest that Slovacek's blood alcohol level was not in excess of the legal limit at the time of the accident. Canada Life is not required to disprove alternative hypotheses by offering expert extrapolation evidence. *Mireles v. Texas Dept. of Public Safety*, 993 S.W.2d 426, 429 (Tex.App.1999)

The Court concludes that based upon an unchallenged blood alcohol test taken only 90 minutes following the accident, showing an alcohol level of .344%, more that 3 times the legal limit, Slovacek's blood alcohol limit at least exceeded that level at which intoxication can be presumed at the time of the accident. *Accord Gowans v. State*, 995 S.W.2d 787, 790 (Tex.App.1999) (holding that the evidence was sufficient to support a finding that the appellant was intoxicated at the time of the accident where the blood test, administered one and

one-half hours after the accident indicated that appellant had an alcohol concentration of almost twice the legal limit) and *Mireles v. Texas Dept. of Public Safety,* 993 S.W.2d 426 (Tex.App.1999) (finding that alcohol concentration an hour or more after the stop is indeed probative of alcohol concentration at the time of the stop).

Based upon the above analysis, the Court finds that Slovacek was intoxicated at the time of the accident, thus he was engaged in an illegal act at the time of his accident. Accordingly, Slovacek's medical expenses resulting from the accident are not covered under the Plan.

In conclusion, the Court finds that Exclusion 14 of the Plan's exclusions of medical coverage is unambiguous. A conviction for an illegal act is not a condition for application of the exclusion. Accordingly, CBS's motion for summary judgment (Docket # 21) is denied. Further, Slovacek was engaged in an illegal act at the time of his accident, therefore, Canada Life's cross-motion for summary judgment (Docket # 29) is granted.