124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary BARNES, et al., for themselves and others similarly
situated, Plaintiffs-Appellants,
v.
Eloise ANDERSON, Director of the California Department of
Social Services; Daniel E. Lungren, Attorney
General of California, Defendants-Appellees.
 No. 95-15969.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 13, 1996.
Submission Withdrawn August 20, 1996.
Resubmitted May 30, 1997.
Decided Sept. 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-90-00579-WBS; William B. Shubb, District Judge Presiding.
 Before: ALARCON, KLEINFELD and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mary Barnes and other members of a class of custodial parents entitled to receive child support enforcement services ("the Class") appeal from an order of the district court. The order set the terms of a permanent injunction for the California Department of Social Services, as agent for the United States Department of Health and Human Services, to implement child support enforcement services under 42 U.S.C. § 651, also known as Title IV-D. We hold that Blessing v. Freestone, 117 S.Ct. 1353 (1997), bars the claims that the Class seeks to assert, and we affirm.
 
 
 3
 Freestone, which held that "Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D," id. at 1356, determined that "the requirement that a State operate its child support program in 'substantial compliance' with Title IV-D was not intended to benefit individual children and custodial parents, and therefore it does not constitute a federal right." Id. at 1361. We read Freestone as further holding that Title IV-D does not "unambiguously impose a binding obligation on the States." Id. at 1359. Absent the imposition of such a binding obligation, Title IV-D does not affect a liberty or property interest protected by the Due Process Clause. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). As the Supreme Court pointed out in Freestone, the Class can have no "legitimate claim of entitlement" to enforcement services, Roth, 408 U.S. at 569, because "even when a State is in 'substantial compliance' with Title IV-D, any individual plaintiff might still be among the 10 or 25 percent of persons whose needs ultimately go unmet." Freestone, 117 S.Ct. at 1361.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3