Janice WALTERS, et al. Plaintiffs

v.

Richard WEISS, et al. Defendants

No. 4:01–CV–00628–JMM.

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 16, 2003.

Brian Paddock, Esq., Attorney at Law, Cookeville, TN, Clark Lee Shaw, Esq., Attorney at Law, Nashville, TN, Barbara Elmore, Esq., Elmore & Smith, Lonoke, AR, Theresa Lynn Caldwell, Esq., Caldwell Law Offices, Little Rock, AR, for Plaintiffs.

Sherri L. Robinson, Esq., Arkansas Attorney General's Office, Little Rock, AR, for Defendants.

### ORDER

MOODY, District Judge.

Pending is Defendants' motion for summary judgment. (Docket # 82). Plaintiffs have responded. For the reasons set forth herein, the Court finds that Defendants' motion should be, and hereby is, granted.

### Facts

Plaintiffs represent a class of custodial parents who rely upon support or public assistance payments that are processed, collected and disbursed through the Arkansas Office of Child Support Enforcement ("OCSE"). Plaintiffs originally filed their action in Pulaski County Circuit Court, seeking immediate preliminary relief and requesting that their lawsuit be certified as a class action. Defendants removed the action to this Court.

Plaintiffs contend that the Arkansas Department of Finance and Administration ("DFA") through the OCSE has failed to comply with various duties relating to the collection and disbursement of child support funds, which duties they allege are set forth in Title IV–D of the Social Security Act. Plaintiffs also assert constitutional due process rights arising from the Fourteenth Amendment. Plaintiffs' claims are as follows:

First Claim: Defendants' failure to provide Plaintiffs with prompt disbursement of support collected violates Plaintiffs' rights under 42 U.S.C. §§ 654(27) and 654B which requires that the Defendants' state distribution unit distribute child support payments within two business days.

Third Claim: Defendants' failure to provide Plaintiffs with prompt, accurate, timely, frequent and meaningful notice of support collected and distributed violates Plaintiffs' rights under 42 U.S.C. § 654(5).

Fourth Claim: Plaintiffs' claim that the denial of accurate, timely, frequent and meaningful notice of payment, collection, allocation and disbursement of child support funds violates Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment.

Seventh Claim: Plaintiffs' claim a denial of an administrative procedural mechanism for correction of errors and delays and meaningful notice of any administrative remedy in violation of the Due Process Clause of the Fourteenth Amendment.

Tenth Claim: Plaintiffs' assert that 42 U.S.C. § 657 confers a specific right to be free from administrative costs and fees taken from support payments and to be free from the practice of recoupment to recover from agency errors.

Eleventh Claim: Plaintiffs' claim that they are deprived of property by the taking of "administrative fees" from support.

On September 10, 2002 this action was certified as a class action. Thereafter, Defendants moved for summary judgment on all of Plaintiffs' remaining claims.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material

fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States,* 600 F.2d 725 (8th Cir.1979), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K.–Ferguson Co.,* 862 F.2d 1338 (8th Cir.1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.,* '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry

> that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 273–274 (8th Cir.1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

### Discussion

■ Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983 attempting to enforce rights to which they claim they are entitled under Title IV–D of the Social Security Act. Specifically, Plaintiffs argue rights created pursuant to 42 U.S.C. §§ 654(27), 654B, 654(5) and 657. Defendants argue that Plaintiffs cannot prevail because they do not have a right under 42 U.S.C. § 1983 to enforce the statutory provisions to which they refer. 42 U.S.C. § 1983 prohibits conduct under color of state law that deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws." In order to establish a cognizable action pursuant to § 1983, a plaintiff must assert a violation of a federal right not merely a violation of federal law. *See e.g. Golden State Transit Corp. v. Los Angeles,* 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989).

In *Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) the Supreme Court explained the analysis to be used in determining whether Title IV–D creates a federal right enforceable under § 1983. The Court stated:

> We have traditionally looked at three factors when determining whether a particular statutory provision gives rise to a federal right. First, Congress must have intended that the provision in question benefit the plaintiff. *Wright,* 479 U.S., at 430, 107 S.Ct., at 773–774. Sec-

ond, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. *Id.,* at 431–432, 107 S.Ct. at 774–775. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms. *Wilder v. Virginia Hospital Association,* 496 U.S. 498, 510–511, 110 S.Ct. 2510, 2517–2518, 110 L.Ed.2d 455 (1990); see also *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 17, 101 S.Ct. 1531, 1539–1540, 67 L.Ed.2d 694 (1981) (discussing whether Congress created obligations giving rise to an implied cause of action).

*Blessing v. Freestone,* 520 U.S. 329, 340–341, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). The Court stated that the rights claimed must be identified with particularity and that the court should not look at Title IV–D as an "undifferentiated whole". *Id.* at 342, 117 S.Ct. 1353. The Court held that the requirement that the State operate its child support program in "substantial compliance" with Title IV–D was not intended to benefit individual children and custodial parents. Further, the Court noted that many other provisions of Title IV–D do not rise to a level to create statutory rights. For example, the Court listed the requirements for the data processing system and staffing provisions as mandates which do not give rise to federal rights. However, the Court did "not foreclose the possibility that some provisions of Title IV–D give rise to individual rights". *Id.* at 345, 117 S.Ct. 1353. For example, the Court stated that the $50 pass-through provision that existed in the pre–1996 version of Title IV–D might give rise to a "federal right to receive a specified portion of the money collected" on behalf of a custodial parent. *Id.* at 345–46, 117 S.Ct. 1353. Because the Court left open the possibility that Title IV–D may give rise to federally enforceable rights, the Court proceeded to analyze whether Title IV–D has a remedial scheme sufficiently comprehensive so as to preclude suit under § 1983. The Court concluded that to the extent that Title IV–D gives rise to individual rights, it is not comprehensive enough to preclude § 1983 liability. *Id.* at 348, 117 S.Ct. 1353.

 Plaintiffs' first claim for relief asserts that 42 U.S.C. §§ 654(27) and 654B confer a right to have Defendants' state distribution unit distribute child support payments within two business days. Section 654(27) provides that a State plan for child and spousal support must:

(27) provide that, on and after October 1, 1998, the State agency will—

(A) operate a State disbursement unit in accordance with section 654b of this title; and

(B) have sufficient State staff (consisting of State employees) and (at State option) contractors reporting directly to the State agency to—

(i) monitor and enforce support collections through the unit in cases being enforced by the State pursuant to section 654(4) of this title (including carrying out the automated data processing responsibilities described in section 654A(g) of this title); and

(ii) take the actions described in section 666(c)(1) of this title in appropriate cases;

Section 654B provides:

(a) State disbursement unit

(1) In general

In order for a State to meet the requirements of this section, the State agency must establish and operate a unit (which shall be known as the

"State disbursement unit") for the collection and disbursement of payments under support orders—

(A) in all cases being enforced by the State pursuant to section 654(4) of this title; and

(B) in all cases not being enforced by the State under this part in which the support order is initially issued in the State on or after January 1, 1994, and in which the income of the noncustodial parent is subject to withholding pursuant to section 666(a)(8)(B) of this title.

(2) Operation

The State disbursement unit shall be operated—

(A) directly by the State agency (or 2 or more State agencies under a regional cooperative agreement), or (to the extent appropriate) by a contractor responsible directly to the State agency; and

(B) except in cases described in paragraph (1)(B), in coordination with the automated system established by the State pursuant to section 654a of this title.

(3) Linking of local disbursement units

The State disbursement unit may be established by linking local disbursement units through an automated information network, subject to this section, if the Secretary agrees that the system will not cost more nor take more time to establish or operate than a centralized system. In addition, employers shall be given 1 location to which income withholding is sent.

(b) Required procedures

The State disbursement unit shall use automated procedures, electronic processes, and computer-driven technology to the maximum extent feasible, efficient, and economical, for the collection and disbursement of support payments, including procedures—

(1) for receipt of payments from parents, employers, and other States, and for disbursements to custodial parents and other obligees, the State agency, and the agencies of other States;

(2) for accurate identification of payments;

(3) to ensure prompt disbursement of the custodial parent's share of any payment; and

(4) to furnish to any parent, upon request, timely information on the current status of support payments under an order requiring payments to be made by or to the parent, except that in cases described in subsection (a)(1)(B) of this section, the State disbursement unit shall not be required to convert and maintain in automated form records of payments kept pursuant to section 666(a)(8)(B)(iii) of this title before the effective date of this section.

(c) Timing of disbursements

(1) In general

Except as provided in paragraph (2), the State disbursement unit shall distribute all amounts payable under section 657(a) of this title within 2 business days after receipt from the employer or other source of periodic income, if sufficient information identifying the payee is provided. The date of collection for amounts collected and distributed under this part is the date of receipt by the State disbursement unit, except that if current support is withheld by an employer in the month when due and is received by the State disbursement unit in a month other than the month when due, the date of withholding may be deemed to be the date of collection.

(2) Permissive retention of arrearages

The State disbursement unit may delay the distribution of collections toward arrearages until the resolution of any timely appeal with respect to such arrearages.

(d) Business day defined

As used in this section, the term "business day" means a day on which State offices are open for regular business.

After carefully reviewing the above statutory provisions as well as the Plaintiffs' complaint, the Court finds that 42 U.S.C. §§ 654(27) and 654B do not create the individually enforceable rights articulated by Plaintiffs. In *Blessing*, the Court analyzed the detailed requirements set forth in § 654a for the State's data processing system, including requirements that the system sort information, transmit information, monitor family eligibility, maintain data necessary for federal reporting and provide for electronic transfers and found that it did not give rise to individualized rights. *Id.* at 344–45, 117 S.Ct. 1353. Likewise, the Court found that the requirements for "sufficient staff" do not give rise to individual rights. *Id.* at 345, 117 S.Ct. 1353. As in *Blessing*, the Court finds that these regulations are intended to improve the overall efficiency of the States' child support enforcement scheme and do not give rise to individual rights. The provisions do not contain the sort of "rights-creating" language essential to show the requisite congressional intent to create new rights and are focused on the entity regulated as opposed to the individuals allegedly protected. *Gonzaga University v. Doe*, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). *See, Alexander v. Sandoval*, 532 U.S. 275, 289, 121 S.Ct. 1511, 149 L.Ed.2d 517 ("Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons'").

■ Plaintiffs' third claim for relief avers the right to monthly notice of support collected and distributed under 42 U.S.C. § 654(5). Section 654(5) provides that a State plan for child and spousal support must:

(5) provide that (A) in any case in which support payments are collected for an individual with respect to whom an assignment pursuant to section 608(a)(3) of this title is effective, such payments shall be made to the State for distribution pursuant to section 657 of this title and shall not be paid directly to the family, and the individual will be notified on a monthly basis (or on a quarterly basis for so long as the Secretary determines with respect to a State that requiring such notice on a monthly basis would impose an unreasonable administrative burden) of the amount of the support payments collected, and (B) in any case in which support payments are collected for an individual pursuant to the assignment made under section 1396k of this title, such payments shall be made to the State for distribution pursuant to section 1396k of this title, except that this clause shall not apply to such payments for any month after the month in which the individual ceases to be eligible for medical assistance;

Plaintiffs argue that Defendants' failure to provide Plaintiffs with prompt, accurate, timely, frequent and meaningful notice of support collected and distributed violates section 654(5). Plaintiffs argue that Defendants should provide notices and explanations which will allow custodial parents to understand the distribution of each child support collection and to identify possible errors and delays in distribution. Section 654(5) does not confer an individualized right in notice as argued by Plaintiffs and does not contain a requirement that the notice provide the detailed information re-

quested by Plaintiffs. Moreover, Section 654 does not unambiguously impose a binding obligation on the States to provide these services to the Plaintiffs, instead, the section addresses general provisions which should be contained in the State Plan. Again, the provision lacks the "rights-creating" language necessary to show the requisite congressional intent to create new individualized rights. *Gonzaga*, at 287, 122 S.Ct. 2268.

Plaintiffs' tenth claim for relief asserts that 42 U.S.C. § 657 confers a specific right to Plaintiffs to be free from administrative costs and fees taken from support payments and to be free from the practice of recoupment to recover for agency errors. Plaintiffs argue that they should be allowed to bring suit against the Defendants because Defendants varied from Section 657 with regard to accounting for offsets and recovery fees in the distribution of child support payments. Plaintiffs do not refer to a specific provision of section 657 upon which they rely. Instead, Plaintiffs rely upon the following general introductory paragraph:

(a) In general

Subject to subsections (d) and (e) of this section, an amount collected on behalf of a family as support by a State pursuant to a plan approved under this part shall be distributed as follows:

Plaintiffs argue that Section 657 requires that the State first distribute amounts collected on behalf of a family to satisfy the current support obligation; then to satisfy the arrears due as part of the monthly payment obligation and then to arrears for prior months. Plaintiffs argue that the State violates Plaintiffs' rights by seeking to recoup monies paid in error.

Defendants argue that when errors occur in the posting or distributing of child support payments, they seek to re-cover the amount paid in error from the recipient. Plaintiffs claim that this process violates their rights pursuant to Section 657. However, Plaintiffs have no right to disbursement of any amount not collected on behalf of a family as support. Accordingly, even if section 657 conferred a right on Plaintiffs, Plaintiffs have not articulated a cognizable cause of action in that the State is under no duty to disburse more than the actual amount collected on behalf of a family. Plaintiffs' cause of action argues a right to receive more than that collected on an individual's behalf in that Plaintiffs' seek to prevent a State from recouping or recovering amounts paid to an individual which were not collected on that individual's behalf and were paid by mistake. The Court finds that section 657 confers no such right. Further, section 657 does not confer a right as argued by Plaintiffs to be free from administrative fees. 42 U.S.C. § 654(6) specifically allows for the recovery of fees and costs and is not written in a manner to confer individualized rights as argued by Plaintiffs.

Likewise, Plaintiffs' have not identified a state or federal law which confers a "legitimate claim of entitlement" to disbursement in the manner in which they request. Because Title IV–D does not "unambiguously impose a binding obligation on the States" to distribute child support in the manner argued by Plaintiffs, it does not affect a liberty or property interest protected by the Due Process Clause. *Accord, Barnes v. Anderson*, 124 F.3d 210, 1997 WL 583325 (9th Cir.1997). To state a claim under the Due Process Clause, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that interest and (3) a denial of due process. Plaintiffs claim a property right created by state law in the support funds collected by Defendants. However,

the deprivation argued by Plaintiffs occurs when the State seeks to recoup those funds paid by mistake and when the State imposes administrative fees. Plaintiffs argue that the system for the collection, distribution and disbursement of child support is subject to errors which creates a substantial risk of erroneous deprivation. As set forth above, Title IV–D does not unambiguously impose an obligation on the State to distribute child support in the manner argued by Plaintiffs and does not require the detailed notice argued by Plaintiffs. Further, Plaintiffs have not demonstrated that the state law remedies available are inadequate.

### Conclusion

Wherefore, Defendants' motion, docket # 82, is granted. Plaintiffs' motions, docket # 's 94, 103, 115 and 118 are denied as moot.